```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
UNITED STATES OF AMERICA :
:
:
:
:
: 1:16-cr-54-GHW
:
-v- :
: ORDER
:
RUBEN PIZZARO, :
:
:
Defendant. :
:
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Petitioner has filed a motion for the appointment of counsel, which the Court construes as a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. Dkt. No. 184. The Court denied Petitioner's prior request for appointment of counsel. Dkt. No. 177. For the following reasons, Petitioner's application is denied.

## LEGAL STANDARD

Unlike in criminal cases, there is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B).

In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this Circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See, e.g., In re Pizzuti*, 10 Civ. 199, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010).

In *Hodge v. Police Officers*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d 58, 61-62 (2d Cir. 1986). Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

The Court has considered whether Petitioner's claim seems to be of substance. It does not. The discretionary factors weigh against the appointment of counsel at this point. The Court has not determined that an evidentiary hearing is needed in connection with the case.[1] And while Petitioner claims that his ability to brief his motion is impeded by his illiteracy, he has submitted substantial briefing.

---

[1] If a hearing is ultimately required in this matter, the Court must appoint counsel if Petitioner qualifies as indigent. *Id.* ("In *habeas corpus* cases, counsel must be appointed for qualified indigents when a hearing is required.").

2

## CONCLUSION

For the foregoing reasons, Petitioner's motion is denied. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at docket number 184. The Clerk of Court is further directed to mail a copy of this order to Petitioner by first class and certified mail.

SO ORDERED.

Dated: May 26, 2021
New York, New York

GREGORY H. WOODS
United States District Judge