USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

RUBEN PIZZARO,

                        Defendant.

1:16-cr-54-GHW-1

ORDER

GREGORY H. WOODS, United States District Judge:

On February 23, 2018, the defendant was sentenced principally to a term of imprisonment of 300 months with respect to each of Counts I, II and III, to be served consecutively..

On May 21, 2024, Dkt. No. 201, and August 18, 2024, Dkt. No. 202, letters from Mr. Pizzaro to the Clerk of Court were docketed in this case. In each letter, Mr. Pizzaro requested legal guidance from the Clerk of Court about possible legal issues that he might pursue. The Clerk of Court did not respond to Mr. Pizzaro's letters. That decision was appropriate given that the Court's role is not to provide legal advice to inmates regarding potential avenues of litigation. Even when read in the light most favorable to Mr. Pizzaro, neither letter is properly construed as a motion for relief from the Court, including as a motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively.

Nonetheless, on its own initiative, the Court requested that the Probation Department prepare a report regarding whether the defendant was eligible for a reduction in his sentence pursuant to Amendment 821. On February 5, 2025, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction.

The Court has considered the record in this case, pursuant to 18 U.S.C. § 3582(c)(2).

It is hereby ORDERED that the defendant is ineligible for a reduction in his sentence pursuant to Amendment 821 for two reasons. First, the defendant did not receive an enhancement for committing the instant offense while under a criminal justice sentence. Second, the defendant is not eligible for a zero-point offender offense level reduction because he does not meet the criteria set forth in USSG Section 4C1.1(3), (4) and (7).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Pizzaro by first class mail.

SO ORDERED.

Dated: February 10, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge