USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

   UNITED STATES,

          -v-

   RUBEN PIZZARO,

                    Defendant.

--------------------------------------------------------------- X

1:16-cr-54-GHW-1

ORDER

GREGORY H. WOODS, United States District Judge:

## I.    BACKGROUND

Ruben Pizzaro was convicted at trial of several crimes, including the murder of David Rivera. *See* Dkt. No. 157. He appealed that conviction and lost. *See* Dkt. No. 175. He filed a petition for *habeas corpus* relief, which the Court denied. Dkt. No. 194. Mr. Pizzaro's appeal of that decision was denied by the Second Circuit Court of Appeals, and the mandate was issued on November 27, 2023. Dkt. Nos. 199, 200.

On April 3, 2026, Mr. Pizzaro filed a motion requesting authorization to file a second or successive motion under 28 U.S.C. § 2255. Dkt. No. 206 (the "Motion"). Mr. Pizzaro asserts that he is entitled to relief because "his conviction and sentence included a 924(c) count[] that relied on a predicate offense that no longer qualifies as a crime of violence . . . ." He asks to be granted leave to file a second or consecutive habeas petition.

## II.    DISCUSSION

Title 28, Section 2241 of the United States Code contains several gatekeeping provisions, including strict requirements for bringing successive petitions. A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); *see also United States v. Krasniqi*, No. 1:10-CR-464-GHW, 2022 WL 2663826, at *5 (S.D.N.Y. July 8, 2022), *appeal dismissed*, No. 22-1958, 2023 WL 2360936 (2d Cir. Feb. 28, 2023). Thus, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Mr. Pizzaro requests that he be granted leave to file a second petition for habeas relief. The court of appeals has the authority to grant or deny that request. Accordingly, in the interest of justice, the Clerk of Court is directed to transfer Petitioner's Motion, to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (*per curiam*).

### III.   CONCLUSION

For the foregoing reasons, the Motion filed at Dkt. No. 206 is hereby transferred to the United States Court of Appeals for the Second Circuit. If the Second Circuit authorizes Mr. Pizzaro to pursue a new Section 2255 petition, he will be permitted to make filings in that docket number, and the Court anticipates that it will open a new civil action with respect to the petition. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Pizzaro has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to transfer the Motion to the Court of Appeals for the Second

Circuit, to terminate the motion pending at Dkt. No. 206, and to mail a copy of this order to Mr.

Pizzaro.

SO ORDERED.

Dated:  April 8, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge